**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BLOOMER HEAT & AIR LLC d/b/a COMFORT CREW HEATING & AIR, | Case No. _____ |
| Plaintiff, | Hon. _____ |
| v. | **DEMAND FOR JURY TRIAL** |
| COMFORT CREW HEATING & COOLING LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff Bloomer Heat & Air LLC d/b/a Comfort Crew Heating & Air ("Plaintiff"), by and through undersigned counsel, for its Complaint against Defendant Comfort Crew Heating & Cooling LLC ("Defendant"), states as follows:

1.     This is an action for trademark infringement, unfair competition, trademark dilution, and violation of deceptive trade practices under the Lanham Act, Ohio common law, and Ohio statutes, based on Defendant's unauthorized use of Plaintiff's federally registered trademark.

## PARTIES

2.     Plaintiff Bloomer Heat & Air LLC d/b/a Comfort Crew Heating & Air is an Oklahoma limited liability company with offices located at 105 S. Keats, Stillwater, Oklahoma.

3.     Steven D. Bloomer formed Bloomer Heat & Air LLC as a limited liability company on April 23, 2014 and is still operating this company today.

4.     Plaintiff provides HVAC residential services. Plaintiff provides high-quality HVAC equipment, and has maintained a high reputation in the communities it serves.

5.     Plaintiff has done business in Oklahoma, Kansas, and Arkansas, and is continuing

to grow its business throughout the country.

6.     Defendant Comfort Crew Heating & Cooling LLC is an Ohio limited liability company with offices located at 600 Shoemaker Ave, Columbus, Ohio.

7.     Defendant similarly provides HVAC services to its customers.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

9.     Personal jurisdiction in this District is proper inasmuch as Defendant's infringing activities take place in the State of Ohio, and are directed to Ohio residents, and Defendant has solicited and conducts business within the State of Ohio.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

### A. The Comfort Crew Trademark

11.     In its over ten (10) years of operation, Plaintiff has engaged in extensive advertising and marketing efforts to ensure that the public is aware of the HVAC services provided by Comfort Crew Heating & Air. Examples of this advertising can be found at www.thecomfortcrew.com.



12.     In addition to the common law rights in the name "Comfort Crew," Plaintiff is the

owner of U.S. Trademark Reg. No. 4,940,442 ("Comfort Crew Trademark") – registered on April 19, 2016 for "air conditioning contractor services; installation and repair of air conditioning apparatus; installation and repair of heating, ventilating and air conditioning equipment; installation and replacement service for heating, ventilating and air conditioning systems."



A complete copy of this registration is attached hereto as **Exhibit A** (hereinafter referred to as the "Comfort Crew Registration").

13.     The registration identified in paragraph 12 is valid and subsisting. Record title of the Comfort Crew Registration is in Plaintiff Bloomer Heat & Air LLC d/b/a Comfort Crew Heating & Air.

14.     The Certificate of Registration is *prima facie* evidence of the validity of the registrations, the Plaintiff's ownership of the Comfort Crew Registration, and of the Plaintiff's exclusive right to use the Comfort Crew Registration, respectively, in commerce in connection with the goods and services specified in the Certificate of Registration under the provisions of 15

U.S.C. § 1057(b) and constructive notice of the Plaintiff's claims of ownership under 15 U.S.C. § 1072.

15.     The Comfort Crew Trademark has been extensively and continually used, promoted, and advertised by Plaintiff within the United States for more than eight (8) years in connection with providing air conditioning and other HVAC services (as specified in the Certificate of Registration).

16.     The Comfort Crew Trademark, when used in connection with the promotion of Plaintiff's HVAC services, has acquired substantial recognition by the public seeking HVAC services by virtue of Plaintiff's providing such services, Plaintiff's reputation in the community, its use and efforts to promote its respective trademark, and through Plaintiff's vigilance in policing the use of the Comfort Crew Trademark.

17.     The Comfort Crew Trademark has acquired an extraordinary degree of consumer recognition in the minds of the public seeking HVAC services, and serves uniquely to identify Plaintiff's services.

**B.  Defendant's Wrongful Acts**

18.     Defendant Comfort Crew Heating & Cooling also provides furnace and air conditioning repair services.

19.     Defendant formed a limited liability company and received its articles of organization from the State of Ohio on September 12, 2023.

20.     Upon information and belief, since forming a limited liability company, Defendant has owned and operated the website www.comfortcrewohio.com, which markets and advertises for its services.

4



21.    If a potential customer searches on Google for "Comfort Crew," Defendant's website is often one of the first results:



22.    As a result, a potential customer who is actually searching for Plaintiff's services

may then click on Defendant's website by mistake.

23.     Plaintiff is aware of at least one instance of customer confusion when, on May 15, 2024, a female customer was trying to reach Defendant's business, but called Plaintiff by mistake. This call occurred because of Defendant's use and infringement of the Comfort Crew Trademark.

24.     Defendant has not been licensed or authorized by Plaintiff to use the "Comfort Crew" name or trademark.

### FIRST CAUSE OF ACTION – FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act, 15 U.S.C. § 1114)

25.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 24 of the Complaint.

26.     Defendant's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

27.     Plaintiff's Comfort Crew Trademark, as identified in Paragraph 12 of this Complaint, is incontestable and provides conclusive evidence of the validity of the registration, Plaintiff's ownership of the Comfort Crew Trademark, and Plaintiff's exclusive right to use the Comfort Crew Trademark in commerce in connection with the services specified in the Certificate of Registration.

28.     Defendant's knowing and willful use of the Comfort Crew Trademark in its company name, website, and advertising is likely to cause—and, in fact, did cause—confusion among customers.

29.     Defendant's actions constitute willful trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

30.     As a proximate cause of Defendant's actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits, and the strength of

4862-0441-4696 v.1

the Comfort Crew Trademark. The injury to Plaintiff is ongoing and irreparable.

31.     Plaintiff is entitled to declaratory and injunctive relief against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## SECOND CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION
### (Lanham Act, § 43(a), 15 U.S.C. § 1125(a))

32.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 31 of the Complaint.

33.     Because of Defendant's efforts to lure potential clients to the www.comfortcrewohio.com website by using the Comfort Crew Trademark, customers who would be interested in engaging the HVAC services of Plaintiff were and are falsely led to believe that they were and are contacting Plaintiff by going to Defendant's website. Additionally, upon information and belief, customers are falsely led to believe that persons who they speak with when calling Defendant's phone number (which is provided on Defendant's website) are associated with Plaintiff's business.

34.     The foregoing acts and conduct by Defendant constitutes unfair competition in connection with services provided in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     As a proximate cause of Defendant's actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits, and the strength of the Comfort Crew Trademark. The injury to Plaintiff is ongoing and irreparable.

36.     Plaintiff is entitled to declaratory and injunctive relief against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## THIRD CASE OF ACTION – TRADEMARK DILUTION
### (Violation of 15 U.S.C. § 1125 (c))

37.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 36 of the Complaint.

38.     Defendant's unauthorized conduct as described above constitutes trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

39.     Defendant's unauthorized and objectionable use of the Comfort Crew Trademark has not been authorized by Plaintiff.

40.     The Comfort Crew Trademark has been used in commerce since 2014. Such use has been continuous, uninterrupted, and extensive.

41.     Based on Plaintiff's long-term and extensive use of the Comfort Crew Trademark, the mark has become well known and famous within the meaning of 15 U.S.C. § 1125(c).

42.     The Comfort Crew Trademark was famous prior to Defendant's first use of the mark on its website in or around September of 2023.

43.     Defendant's use of the Comfort Crew Trademark in its company name and on its website and domain name constitutes a commercial use of the Comfort Crew Trademark in commerce.

44.     Defendant's use of the Comfort Crew Trademark in its company name and on its website and domain name dilutes the quality of the Comfort Crew Trademark by diminishing the capacity of the Comfort Crew marks to identify and distinguish Plaintiff's HVAC business from Defendant's business in the same field.

45.     Defendant's acts of trademark dilution have been deliberate, knowing, willful, and in bad faith.

46.     As a proximate cause of Defendant's actions, Plaintiff has suffered and will

continue to suffer great damage to its business, goodwill, reputation, profits, and the strength of the Comfort Crew Trademark. The injury to Plaintiff is ongoing and irreparable.

47.     Plaintiff is entitled to declaratory and injunctive relief against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## FOURTH CAUSE OF ACTION – VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT
### (Ohio Rev. Code § 4165.02)

48.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 47 of the Complaint.

49.     Defendant's actions described above and specifically, without limitation, Defendant's use of the Comfort Crew Trademark, and any confusingly similar variations thereof, in commerce to advertise, market, and sell its HVAC services constitutes an unfair or deceptive act in the conduct of trade or commerce.

50.     The Defendant's unfair or deceptive acts have affected the public interest by confusing customers between Plaintiff's services, and those services of the Defendant. Upon information and belief, Plaintiff has suffered monetary loss of customers and business through the Defendant's unfair or deceptive acts, all in violation of the laws of the State of Ohio.

51.     Defendant's violation of the Ohio Deceptive Trade Practices Act has been willful.

52.     By these unfair or deceptive actions, Defendant has engaged in deceptive and unfair trade practices in violation of Ohio Rev. Code § 4165.02(A), and, as a result, Plaintiff has suffered and will continue to suffer monetary damage as well as damage to its business, reputation and good will.

53.     As a direct and proximate result of Defendant's willful, knowing, and intentional

actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage. Plaintiff is entitled to declaratory and injunctive relief. *See* Ohio Rev. Code. § 4165.03(A), *et seq*.

## FIFTH CAUSE OF ACTION – TRADEMARK INFRINGEMENT
### (Ohio Common Law)

54.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 53 of the Complaint.

55.     By this and the acts alleged in this Complaint, Defendant has engaged in trademark infringement under Ohio state common law.

56.     Defendant's conduct has been willful.

57.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages in an amount exceeding $75,000.00.

58.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by this Court.

59.     Plaintiff is entitled to declaratory and injunctive relief against Defendant, as well as all other remedies available under Ohio law, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

## SIXTH CAUSE OF ACTION – UNFAIR COMPETITION
### (Ohio Common Law)

60.     Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 59 of the Complaint.

61.     Defendant's infringing actions, as described herein, constitute unfair competition in violation of the common law of Ohio.

62.     As a direct and proximate result of the Defendant's unfair competition under Ohio

4862-0441-4696 v.1

common law, Plaintiff has suffered damages in an amount exceeding $75,000.00.

63.     As a direct and proximate result of the Defendant's unfair competition, Plaintiff has suffered, and will continue to suffer, irreparable harm. Such harm will continue unless enjoined by this Court.

64.     Plaintiff is entitled to declaratory and injunctive relief against Defendant, as well as all other remedies available under Ohio law, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Bloomer Heat & Air LLC d/b/a Comfort Crew Heating & Air demands that judgment be rendered in its favor and against Defendant Comfort Crew Heating & Cooling LLC as follows:

  a.   An injunction ordering Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons or entities to restrain from using in any manner a name or mark confusingly similar to the Comfort Crew Trademark in connection with Defendant's services;

  b.   An order for disgorgement of all gains, profits, and advantages derived by Defendant from its acts of unfair competition, infringement, and other violations of law;

  c.   An order for monetary damages according to proof at trial sustained by Plaintiff as a result of Defendant's unlawful acts alleged herein;

  d.   An order for treble damages;

  e.   An order for punitive damages;

  f.   An order for all costs and expenses, including, without limitation, reasonable attorney's fees incurred by Plaintiff in this action;

  g.   An order for prejudgment and post-judgment interest at the maximum legal rate; and

  h.   For such further relief as the Court deems just and proper.

4862-0441-4696 v.1

Dated: November 12, 2024

Respectfully submitted,

/s/ *Rachel N. Byrnes*

Rachel N. Byrnes
NELSON MULLINS RILEY &
SCARBOROUGH
1100 Superior Ave., Suite 2000
Cleveland, OH 44114
Telephone: (216) 304-6104
Rachel.byrnes@nelsonmullins.com

***Counsel for Plaintiff Bloomer Heat & Air
LLC d/b/a Comfort Crew Heating & Air***

4862-0441-4696 v.1

## JURY DEMAND

Pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure, Plaintiff Bloomer Heat & Air LLC d/b/a Comfort Crew Heating & Air hereby requests a jury for all issues permitted to be so tried under law.

Dated: November 12, 2024

Respectfully submitted,

/s/ *Rachel N. Byrnes*
Rachel N. Byrnes
NELSON MULLINS RILEY &
SCARBOROUGH
1100 Superior Ave., Suite 2000
Cleveland, OH 44114
Telephone: (216) 304-6104
Rachel.byrnes@nelsonmullins.com

*Counsel for Plaintiff Bloomer Heat & Air LLC d/b/a Comfort Crew Heating & Air*

4862-0441-4696 v.1